## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 17-560 PA (AJWx) | Date | March 30, 2017 |
|---|---|---|---|
| Title | Roya Tabarzad v. Sephora USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Sephora USA, Inc. and Michele Lynn Lowrance ("Removing Defendants"). This action was filed by plaintiff Roya Tabarzad ("Plaintiff") against The Law Office of Michael Ira, Asen, P.C., Michael Ira Asen, and Officer Joanthan C. Tripp (collectively "Non-Removing Defendants"), as well as the Removing Defendants.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).

Here, the Notice of Removal is procedurally defective because the Non-Removing Defendants have not joined in the Notice of Removal, and the Removing Defendants have failed to explain their absence. All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-560 PA (AJWx) | Date | March 30, 2017 |
|---|---|---|---|
| Title | Roya Tabarzad v. Sephora USA, Inc., et al. | | |

The Notice of Removal does not include any discussion concerning the absence of a joinder by the Non-Removing Defendants, or any reason why their joinder in the Notice of Removal is not necessary. Indeed, even allegations concerning the status of other defendants made on information and belief are insufficient to support a removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116-17 (9th Cir. 2004); Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1267 (D. Ore. 2001);

The Court therefore concludes that the Notice of Removal is procedurally defective. See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266. Accordingly, this action is remanded to Orange County Superior Court, Case No. 30-2016-00869348-CU-CR-CJC, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c). The Court stays this order until April 7, 2017. If Plaintiff wishes to waive the procedural defect and, as a result, remain in federal court, she must file a Notice of Waiver of Procedural Defects no later than April 6, 2017. If Plaintiff does not file such a Notice, the Court will conclude that Plaintiff has not waived the procedural defect. After that date, the Court will remand this action to Orange County Superior Court as a result of the procedural defect in the Notice of Removal.

The Court also notes that Exhibit A to the Notice of Removal (Docket No. 1-2) violates Federal Rule of Civil Procedure 5.2(a) because it contains Plaintiff's full social security number. See Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number . . . a party or nonparty making the filing may include only . . . the last four digits of the social-security number."); see also L.R. 5.2-1 ("Parties shall carefully examine the documents, exhibits, or attachments to be filed with the Court in order to protect any sensitive and private information. The responsibility for redacting or placing under seal protected personal data identifiers rests solely with counsel and the parties.").

The Clerk is ordered to place Exhibit A to the Notice of Removal (Docket No. 1-2) under seal. Any future violations of the Federal Rules of Civil Procedure, the Central District's Local Rules, or this Court's Orders, may result in the imposition of sanctions.

IT IS SO ORDERED.